UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ACCEPTANCE CASUALTY INSURANCE COMPANY, <br><br> *Plaintiff*, <br><br> v. <br><br> BUDGET SUITES, INC., BIGELOW ARIZONA TX-348, LIMITED PARTNERSHIP D/B/A BUDGET SUITES OF AMERICA, and JANE DOE (V.M.) <br><br> *Defendants*. | § § § § § § § § § § § § CIVIL ACTION NO. _____ |

## ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT

Acceptance Casualty Insurance Company names as defendants Budget Suites, Inc., Bigelow Arizona TX-348, Limited Partnership d/b/a Budget Suites of America, and Jane Doe (V.M.), and submits this Complaint for Declaratory Judgment pursuant to the Declaratory Judgments Act, 28 U.S.C. § 2201, and Federal Rule of Civil Procedure 57. In support of this Original Complaint, Acceptance respectfully shows:

## PARTIES

1. Plaintiff Acceptance Casualty Insurance Company ("Acceptance") is a Nebraska corporation with its principal place of business in Raleigh, North Carolina.

2. Defendant Budget Suites, Inc. ("Budget") is a Nevada corporation with its principal place of business in Las Vegas, Nevada. Budget can be served with process through its registered agent CT Corporation System, 350 N. St. Paul St., Suite 2900, Dallas, Texas 75201-4234.

3. Defendant Bigelow Arizona TX-348, Limited Partnership d/b/a Budget Suites of America ("Bigelow"), is a Nevada limited partnership with its principal place of business in Las Vegas, Nevada. Bigelow's general partner is SPC-CB/TX-348, Inc., a Nevada corporation with its principal place of business in Nevada. Bigelow has no limited partners. Bigelow may be served with process through its registered agent CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

4. Defendant Jane Doe (V.M.) ("Jane Doe") can be served through her attorney Matthew C. Matheny, Provost Umphrey Law Firm, LLP, 350 Pine Street, Suite 1100, Beaumont, Texas 77701.

## JURISDICTION AND VENUE

5. The court has jurisdiction pursuant to 28 U.S.C. 1332(a) because this action is between citizens of different states and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

6. Venue is proper in the Southern District of Texas, Houston Division pursuant to 28 U.S.C. 1391(b)(1)-(2), in that it is the judicial district in which the underlying lawsuit giving rise to the claims at issue is in this district.

## FACTUAL BACKGROUND

7. Defendants are currently involved in litigation because of alleged sex trafficking at various hotels. The lawsuit is styled: Cause No. 202324989; *Jane Doe (V.M.) v. Budget Suites of America, et. al.*; in the 11th Judicial District Court of Harris County, Texas. ("the underlying lawsuit"). Plaintiff's Original Petition in the underlying lawsuit, filed on February 23, 2023, is attached as *Exhibit A.* The underlying lawsuit was transferred to the multidistrict court handling

trafficking cases in Harris County on April 20, 2023, and assigned to the 11th Judicial District Court. **Exhibit B**.

8. Plaintiff in the underlying lawsuit, Jane Doe, defendant in this lawsuit, alleges that she was fourteen (14) years old when she went to a party where she was taken in by a sex trafficker who instructed Jane Doe that she would be servicing men for money and giving that money to the trafficker. After coercion and beatings, Jane Doe complied with her trafficker's demands until sometime in late November when she escaped after being beaten and was taken by other traffickers who trafficked her until late December when she escaped again. From October through December 2016, Jane Doe's traffickers moved her around to various motels, including the Budget Suites North Dallas located at 9519 Forest Lane, Dallas, TX 75243 ("Budget Suites ND"). While at the Budget Suites ND, Jane Doe alleges she was kept heavily drugged, appeared unkempt and disheveled, and was not allowed to move freely without her trafficker. She had no baggage or personal belongings at the hotel. Plaintiff alleges she was repeatedly beaten, raped, and trafficked until December 26, 2016, when she escaped.

9. Jane Doe alleges that Defendant Bigelow was the franchisee of Budget Suites ND, and that Defendant Budget was the franchisor. Jane Doe's traffickers frequently used the Budget Suites ND to traffic Jane Doe because of the access and security it provided, and the traffickers knew that members of the staff of Budget Suites ND looked the other way, including one trafficker who may have been an employee of the hotel. Jane Doe alleges that the employees of Budget Suites ND knew that she was staying at their property and recognized unusual and suspect conduct surrounding her stay yet did not notify law enforcement of the recognized signs of sex trafficking. Signs of sex trafficking were readily present at the Budget Suites ND, including: (1) excessive single male traffic by non-patrons entering and exiting the hotel; (2)

increased male foot traffic and lingering non-patrons lined in hallways; (3) Jane Doe paying for rooms with cash or pre-paid cards; and (4) other signs of sex trafficking.

10. Jane Doe further alleges that Budget received prior multiple online reports of illegal activity, with management expressing no concern. Jane Doe also alleges that Bigelow, as the franchisee, was required to comply with Budget's franchise agreement standards, policies, rules, including those relating to security, trafficking of persons/compelled prostitution. Budget is labile for the acts of its franchisees. Budget exercises ongoing right of control over its hotels, including the Budget Suites ND.

11. Jane Doe further alleges that Budget knowingly received financial benefits from participating in the venture that facilitated Jane Doe's trafficking at the Budget Suites ND. Budget and Bigelow received monetary payment for the rental of rooms at Budget Suites ND where Jane Doe was being trafficked and therefore knowingly benefited from participating in the venture that trafficked, harbored, and maintained Jane Doe's trafficking at the Budget Suites ND. Jane Doe asserts a cause of action for violation of Texas Civil Practice and Remedies Code § 98.002 in knowingly benefiting from the trafficking of persons, including Jane Doe.  Plaintiff alleges that Defendants Budget and Bigelow knowingly benefited from the exploitation and trafficking of Jane Doe on numerous occasions by receiving payment for rooms in which Plaintiff was exploited.

12. Jane Doe asserts a cause of action for negligence against Defendants Budget and Bigelow alleging that they owed and breached a duty of care to operate the hotel in a manner that did not endanger victims, including Jane Doe, and owed and breached a duty of care to take reasonable steps to protect foreseeable victims of human trafficking created by their acts and omissions. Defendants also owed and breached duties to provide adequate security at the hotel,

failure to warn, failure to properly maintain the premises, failing to correct a dangerous condition, failing to properly supervise, and failing to warn customers of a dangerous condition of the premises.

13. Finally, Jane Doe asserts causes of action for gross negligence, recklessness, and willful and wanton conduct based on the above acts or omissions and seeks uncapped exemplary damages based on a violation of Texas Penal Code § 41.008(c).

14. Acceptance issued Commercial General Liability policy number HHO 0000627 04, effective from September 1, 2016, to September 1, 2017, to Your Best Management Group, LLC ("the Acceptance Policy"). Budget and Bigelow qualify as named insureds under the Acceptance Policy. The Acceptance Policy is attached as *Exhibit C.* The Policy provides as follows:

* * *

**SECTION I – COVERAGES**

**COVERAGE A--BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1. **Insuring Agreement**

   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

   **(1)** The amount we will pay for damages is limited as described in Section III – Limits of Insurance; and

   **(2)** Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverage **A** or **B** or medical expenses under Coverage C.

       No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverage **A** and **B**.

  **b.**  This insurance applies to "bodily injury" and "property damage" only if:

      **(1)**  The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory."

* * *

**COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILTY**

**1.**  **Insuring Agreement**

  **a.**  We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

      **(1)**  The amount we will pay for damages is limited as described in Section **III** --- - Limits Of Insurance; and

      **(2)**  Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C.**

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments --- - Coverages **A** and **B.**

  **b.**  This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period

* * *

**SECTION V – DEFINITIONS**

* * *

**3.**  "Bodily injury" means physical injury, sickness or disease sustained by a person including death resulting from any of these.

* * *

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

14. "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

   **a.** False arrest, detention or imprisonment;

\* \* \*

**COMMERCIAL GENERAL LIABILITY**
**CG 26 46 04 99**

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# TEXAS ABUSE OR MOLESTATION EXCLUSION

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

The following exclusion is added to Paragraph **2., Exclusions** of **Section I—Coverage A—Bodily Injury And Property Damage Liability** and Paragraph **2., Exclusions** of **Section I—Coverage B—Personal and Advertising Injury Liability**:

This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" arising out of:

**1.** The actual or threatened abuse or molestation by anyone of any person while in the care, custody or control of any insured, or

**2.** The negligent:

   **a.** Employment;
   **b.** Investigation;
   **c.** Supervision;
   **d.** Reporting to the proper authorities, or failure to so report; or
   **e.** Retention;

Of a person for whom any insured is or ever was legally responsible and whose conduct would be excluded by Paragraph **1.** above.

For the purposes of this endorsement, abuse means an act which is committed with the intent to cause harm.

\* \* \*

15. Acceptance seeks a declaration from the Court that it owes no duty to defend or indemnify Defendants Budget or Bigelow for the claims asserted in the underlying lawsuit pursuant to the plain language of the Texas Abuse or Molestation Exclusion Endorsement contained in the Acceptance Policy based upon Jane Doe's allegations that she was abused and molested while in the care, custody or control of insureds Budget and Bigelow.

16. Alternatively, Acceptance seeks a declaration from the Court that it owes no duty to defend or indemnify Defendants Budget or Bigelow for the claims asserted in the underlying lawsuit on the basis that it is against public policy to insure against claims for criminal acts.

## CONCLUSION AND PRAYER

17. Acceptance Casualty Insurance Company respectfully requests a judgment from this Court that (1) Acceptance Casualty Insurance Company does not owe a duty to defend Budget Suites, Inc. or Bigelow Arizona TX-348, Limited Partnership d/b/a Budget Suites of America, in the underlying lawsuit; and (2) Acceptance Casualty Insurance Company does not owe a duty to indemnify Budget Suites, Inc. or Bigelow Arizona TX-348, Limited Partnership d/b/a Budget Suites of America, for any claims or causes of action asserted in the underlying lawsuit. Acceptance Casualty Insurance Company further asks for such other relief to which it may be entitled in law or in equity.

Respectfully submitted,

*/s/Harrison H. Yoss*
Harrison H. Yoss
State Bar No. 22169030
Southern District Bar No. 17055

>THOMPSON, COE, COUSINS & IRONS, L.L.P.
>Plaza of the Americas
>700 N. Pearl Street, 25th Floor
>Dallas, Texas 75201-2832
>Telephone:  (214) 871-8259
>Telecopy:    (214) 871-8209
>hyoss@thompsoncoe.com
>
>*/s/Teresa Carver*
>Teresa A. Carver
>State Bar No. 00783825
>Southern District Bar No. 205674
>
>THOMPSON, COE, COUSINS & IRONS, L.L.P.
>One Riverway Suite 1400
>Houston, TX 77056
>Telephone:  (713) 358-6749
>Telecopy:    (713) 403-8299
>tcarver@thompsoncoe.com
>
>**ATTORNEYS FOR PLAINTIFF ACCEPTANCE CASUALTY INSURANCE COMPANY**