**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **ACCEPTANCE CASUALTY** | § | |
| **INSURANCE COMPANY,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **C.A. No. 4:23-cv-01737** |
| | § | |
| **BUDGET SUITES, INC., BIGELOW** | § | |
| **ARIZONA TX-348, LIMITED** | § | |
| **PARTNERSHIP D/B/A BUDGET** | § | |
| **SUITES OF AMERICA, and** | § | |
| **JANE DOE (V.M.),** | § | |
| | § | |
| **Defendants.** | § | |

**MOTION OF DEFENDANTS BUDGET SUITES, INC. and BIGELOW ARIZONA
TX-348, LIMITED PARTNERSHIP D/B/A BUDGET SUITES OF AMERICA
TO DISMISS COMPLAINT, OR ALTERNATIVELY, TO STAY**

TO THE HONORABLE COURT:

Defendant BUDGET SUITES, INC. and Defendant BIGELOW ARIZONA TX-348,

LIMITED PARTNERSHIP D/B/A BUDGET SUITES OF AMERICA (collectively, "Movants")

move pursuant to Federal Rule of Civil Procedure 12(b)(1) and 28 U.S.C. § 2201 to dismiss the

Original Complaint for Declaratory Judgment [Dkt. # 1] of Plaintiff Acceptance Casualty

Insurance Company ("Acceptance"), or alternatively, to stay this action, and would show:

**SUMMARY OF ARGUMENT**

Movants seek to dismiss Acceptance's Complaint [Dkt. 1] because it fails to:

- allege any case of actual controversy between Acceptance and either Movant, as
  required by 28 U.S.C. § 2201(a);

- allege any subject matter over which this Court could properly exercise jurisdiction
  over either Movant (see Fed. R. Civ. P. 12(b)(1)); and

- state a claim upon which any relief could be granted against either Movant (see Fed. R. Civ. P. 12(b)(6)).

See *Mid-Continent Cas. Co. v. Christians Dev. Co., Inc.*, 2016 WL 6075573 (W.D. Tex. June 9, 2016) (holding that liability insurer's declaratory action on duty to indemnify policyholder was premature, and granting policyholder's motion to dismiss for lack of subject-matter jurisdiction under Fed.R.Civ.P. 12(b)(1)).  Alternatively, Movants request that this action be stayed pending adjudication or resolution of the underlying lawsuit.

## BACKGROUND

1.      The Complaint alleges that in 2016, Plaintiff Acceptance issued a commercial general liability insurance policy (the "Acceptance Policy") to Your Best Management Group, LLC, and that each Movant qualifies as a named insured under the Acceptance Policy.  [Dkt. #1, ¶ 14].

2.      Plaintiff avers that it submits the Complaint for Declaratory Judgment pursuant to the Declaratory Judgments Act, 28 U.S.C. § 2201, and Federal Rule of Civil Procedure 57.  [Dkt. #1, p. 1]

3.      The Complaint recites, with no explanation, certain provisions of the Policy that pertain to Acceptance's obligations to pay certain damages because of "bodily injury" to which the insurance applies.  [Dkt. #1, ¶14]  It also recites the provision of the Policy that pertains to Acceptance's duty to defend an insured against any suit seeking damages for "bodily injury". [Dkt. #1, ¶14]

4.      The Complaint then recites, with no explanation, certain provisions of the Policy that pertain to Acceptance's obligations to pay certain damages because of "personal and advertising injury" to which the insurance applies.  [Dkt. #1, ¶14]  It also recites the provision of

the Policy that pertain to Acceptance's duty to defend an insured against any suit seeking damages for "personal or advertising injury".   [Dkt. #1, ¶14]

5.      The Complaint then contains references to allegations contained in an "underlying lawsuit" filed by Jane Doe against the Movants, as Defendants, in the District Court of Harris County, Texas.  [Dkt. #1, ¶ 7 - 13]

6.      However, the Complaint contains no allegations regarding whether Acceptance has, or has not, received notice of the Underlying Lawsuit by either Movant, or a request to appoint counsel to defend either Movant against the Underlying Lawsuit.  Nor does the Complaint allege whether Acceptance agreed to appoint counsel to defend either Movant against the lawsuit, or whether Acceptance has incurred or paid any fees or expenses to such counsel.  [Dkt. #1].

7.      The Complaint then contains a conclusory, unsupported assertion that in the underlying lawsuit, Jane Doe apparently made allegations that "she was abused and molested while in the care, custody, or control of insureds Budget or Bigelow".  Yet neither the Complaint's summary discussion of the Petition, nor Para. 15 of the Complaint, identify any specific allegation of the underlying petition that could support that conclusory characterization.  [Dkt. #1, ¶15]

8.      The Complaint then purports to seek a declaration that Acceptance owes no duty to defend or indemnify Defendants Budget or Bigelow for the claims asserted in the underlying lawsuit on the basis that it is against public policy to insure against claims for unspecified "criminal acts."  [Dkt. #1, ¶16]

9.      Yet the Complaint fails to allege whether a judgment has been rendered in the Underlying Lawsuit as against either Defendant.  Nor does it contain any allegation whether Jane Doe, or either Movant, has presented any demand to Acceptance for it to satisfy any such judgment on behalf of either Movant – or to pay any sums on behalf of either Movant.

10.     Acceptance then requests a judgment from this Court that (1) Acceptance does not owe a duty to defend Budget Suites, Inc. or Bigelow Arizona TX-348, Limited Partnership d/b/a Budget Suites of America, in the underlying lawsuit; and (2) Acceptance owes no duty to indemnify Budget Suites or Bigelow Arizona TX-348, Limited Partnership d/b/a Budget Suites of America, for any claims or causes of action asserted in the underlying lawsuit. [Dkt. #1, ¶17]

## ARGUMENT AND AUTHORITIES

### A.     The Complaint Fails To Allege "A Case Of Actual Controversy"

11.     Under the Declaratory Judgment Act, 28 U.S.C. § 2201(a), federal courts are granted limited jurisdiction to render declaratory relief only in "a case of actual controversy." District courts "must engage in a three-step inquiry" when evaluating a complaint that is premised upon the Act. *Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000).  A district court must determine: (1) whether the declaratory judgment action is justiciable; (2) whether it has authority to grant the declaratory relief; and (3) whether to exercise its discretion to decide or dismiss the action.  See *Sherwin–Williams Co. v. Holmes Cnty*., 343 F.3d 383, 387 (5th Cir. 2003).

12.     Whether particular facts are sufficiently immediate to establish an actual controversy must be addressed on a case-by-case basis.  *In re Jillian Morrison, L.L.C.*, 482 Fed. Appx. 872, 874-76 (5th Cir. 2012) ("Although the Declaratory Judgment Act, 28 U.S.C. § 2201, is remedial in nature and is to be construed liberally to achieve its purposes, it is designed to permit adjudication of claims only where there is an actual case or controversy and an adjudication would serve a useful purpose.").

13.     The Complaint alleges diversity of citizenship among the parties as the basis for subject matter jurisdiction of this action.  [Dkt. #1, ¶ 5]  However, the Complaint fails to allege

which state's substantive law should be applied by this Court to decide some or all of the liability insurance coverage issues that may be involved in this action.[1]

14.     Assuming, arguendo, that Texas insurance law may ultimately be determined to apply, Federal courts recognize that under Texas law, a liability insurer's duty to defend and duty to indemnify an insured are "distinct and separate duties." *Colony Ins. Co. v. Peachtree Constr., Ltd.*, 647 F.3d 248, 252 (5th Cir. 2011) (quoting *Trinity Universal Ins. Co. v. Cowan*, 945 S.W.2d 819, 822 (Tex. 1997)). The duty to defend means to defend the insured in any suit that "alleges and seeks damages for an incident potentially covered by the policy."  By contrast, the duty to indemnify means the insurer will "pay all covered claims and judgments against an insured." *D.R. Horton–Texas, Ltd. v. Markel Int'l Ins. Co*., 300 S.W.3d 740, 743 (Tex. 2009) (quoting 14 Lee R. Russ & Thomas F. Segalla, COUCH ON INSURANCE § 200:3 (3d ed. 2009)).

15.     A liability insurer's duty to defend an underlying tort lawsuit is governed by the facts alleged in the petition and the liability policy provisions, pursuant to the "eight corners rule." *Colony Ins*., 647 F.3d at 253 (citing *Pine Oak Builders, Inc. v. Great Am. Lloyds Ins. Co.*, 279 S.W.3d 650, 654 (Tex. 2009)).  Because the only two documents relevant to the duty-to-defend inquiry are the petition and the policy text, "an insurer's duty to defend can be determined at the moment the petition is filed." *Id.*

16.     By contrast, a liability insurer's duty to indemnify generally cannot be adjudicated until, at a minimum, a judgment has been rendered in the underlying lawsuit. *Id; D.R. Horton*, 300 S.W.3d at 744. "This is because, unlike the duty to defend, which turns on the pleadings, the duty to indemnify is triggered by the actual facts establishing liability in the underlying suit, and

---

[1]  See *Liberty Insurance Corporation v. Omni Construction Company, Inc*., 2023 WL 187204 (S.D. Tex. 1/12/2023); see also *Martin Resource Mgmt. Corp. v. Axis Ins. Co.,* 803 F.3d 766 (5th Cir. 2015); *Citigroup, Inc. v. Fed. Ins. Co*., 649 F.3d 367, 371 (5th Cir. 2011).

whether any damages caused by the insured and later proven at trial are covered by the terms of the policy." *Id*.; *see also LCS Corrections Servs., Inc. v. Lexington Ins. Co*., 800 F.3d 664, 668 (5th Cir. 2015) ("[W]e generally evaluate the insurer's duty to indemnify after the parties have developed the actual facts that establish liability in the underlying lawsuit") (emphasis added); *Northfield Ins. Co. v. Loving Home Care, Inc.*, 363 F.3d 523, 529 (5th Cir. 2004) (duty to indemnify was not justiciable because the underlying litigation was not completed, and proof could still be developed in state court action to prove existence of duty to indemnify).

17.     The Texas Supreme Court has held "there [is] no justiciable controversy regarding the insurer's duty to indemnify before a *judgment* has been rendered against an insured." *Farmers Tex. Cnty. Mut. Ins. v. Griffin*, 955 S.W.2d 81, 83 (Tex.1997) (emphasis added).  "Judgment" plainly refers to a liability determination at the trial-court level rather than the exhaustion of appellate remedies.  *Id*.

18.     The only exception to this general rule is very narrow. In *Griffin, supra*, the Court noted that the duty to indemnify can be justiciable before the insured's liability is determined in the liability lawsuit – but only when the insurer has no duty to defend *and the same reasons that negate the duty to defend likewise negate any possibility the insurer will ever have a duty to indemnify*." *Id*. (emphasis in original); *Canal Indem. Co. v. Rapid Logistics, Inc.*, 514 Fed. Appx. 474, 479 (5th Cir. 2013).

19.     In two subsequent cases, the Supreme Court of Texas noted that "the holding in *Griffin* was fact-specific and cannot be construed so broadly." *D.R. Horton-Texas*, 300 S.W.3d at 744; *Burlington Northern & Santa Fe Ry. Co. v. National Union Fire Ins. Co. of Pittsburgh, PA*, 334 S.W.3d 217, 220 (Tex. 2011) ("...under the facts pled by the plaintiffs it would have been impossible for the insureds to show by extrinsic evidence that the loss fell under the terms of the

policy."). The *D.R. Horton* Court explained that its conclusion [in *Griffin*] was grounded on the *impossibility* that the [intentional] drive-by shooting in that case could somehow be transformed by proof of any conceivable set of facts into an auto "accident" covered by the liability policy. It was not based on a rationale that if a duty to defend does not arise from the petition's allegations, then no duty to indemnify could arise from proof of the allegations in the petition. "These duties are independent, and the existence of one does not necessarily depend on the existence or proof of the other." *D.R. Horton-Texas*, 300 S.W.3d at 745.[2]

20.     In sum, proper adjudication of a liability insurer's duty to indemnify before rendition of a judgment in the underlying tort suit requires the insurer to prove that no "conceivable set of facts" could arise under which the loss could possibly be covered by its insurance policy. *Griffin*, 955 S.W.2d at 84.

21.     For these reasons, courts are generally unwilling to issue declarations regarding a liability insurer's potential duty to indemnify before judgment is rendered in the underlying lawsuit. *See, e.g. Ohio Cas. Ins. Co. v. TimeWarner Co.*, 224 S.W.3d 885, 892 (Tex.App. – Fort Worth 2008, pet. den'd); *Providence Lloyds v. Blevins*, 741 S.W.2d 604, 606 (Tex.App. – Austin 1987, no writ); *J.E.M. v. Fidelity & Cas. Co.*, 928 S.W.2d 329, 332 (Tex.App. – San Antonio 1998, pet. den'd).

22.     Here, Acceptance's Complaint fails to allege whether the underlying lawsuit has been resolved by a judgment after trial or by a settlement. Acceptance's Complaint contains several conclusory, unsupported statements about Doe's allegations in the Underlying Lawsuit.

---

[2] In *Burlington*, the court deemed the inquiry as fact-specific, in that "...unlike the situation in *Griffin*, in this case the pleadings do not show that contractual provisions and other extrinsic evidence cannot possibly bring Mobley's vegetation control operations within coverage of National Union's policy for the 1995 accident when Mobley's contract unquestionably extended through 1996." *Burlington*, 344 S.W.3d at 220.

Specifically, the Complaint fails to identify any particular language in Doe's Petition that triggers any particular Exclusion in Acceptance's Policy – much less an express allegation that Doe was abused or molested while in the care, custody, or control of either insured.  Nor does the Complaint aver whether any such evidence will or will not be submitted at trial of the Underlying Lawsuit – much less how such issues would be determined by the jury, and/or by the trial court.

23.     Similarly, the Complaint contains only a conclusory, unsupported statement that some claim in the underlying lawsuit accuse Movants of some unspecified "criminal acts."  [Dkt. #1, ¶16]  Yet the Complaint fails to identify any particular language in Doe's Petition that accuses Movants of such criminal acts – nor any Texas public policy that is allegedly violated as a result.

24.     Given these logistical and evidentiary hurdles, it is impractical and improper for this Court to make the necessary factual determinations to grant the declaratory relief sought by Acceptance – until, at a minimum, the Underlying Suit has been tried to judgment.  *See Northfield Ins. Co. v. Loving Home Care, Inc.*, 363 F.3d 523, 529 (5th Cir. 2004) (duty to indemnify was not justiciable when underlying suit was not adjudicated).  As these disputed facts have not even been developed, much less adjudicated, in the Underlying Suit, it would be premature for this Court to attempt to determine whether Acceptance probably will, or will not, owe a duty to indemnify Budget against a hypothetical judgment that may, or may not, be rendered in the Underlying Suit.

25.     Accordingly, Movants assert that Acceptance's declaratory action is simply not ripe for this Court's consideration, as any declarations regarding its duty to indemnify either Movant necessarily depend upon evidence, rulings, and a final judgment in the Underlying Lawsuit – that the Harris County state court has yet to make.

26.     Indeed, the Complaint may even seek to sidestep these procedural barriers by urging this Court to improperly consider information that does not appear in Doe's Petition in the

Underlying Lawsuit.  [Dkt. #1, ¶ 15]  Specifically, the *Doe v. Budget* Petition contains no express allegation regarding whether Doe was or was not in the care, custody, or control of either Movant. [Dkt. #1, Ex. "B" at ¶ 28, pp. 15 – 17, and ¶ 47 - 59]  Yet the Complaint contains a conclusory averment, with no reference to any actual facts or evidence, that the Doe Lawsuit does allege that she was in the insured's "care, custody, or control" – and that the Abuse Exclusion in the Policy is somehow triggered as a result.  [Dkt. #1,  ¶ 15]

27.    Because the Complaint fails to allege facts that would support relief against either Movant, it fails to allege a "case of actual controversy" as required by the Declaratory Judgment Act, 28 U.S.C. § 2201(a).  Acceptance's request for declaratory relief on a hypothetical duty to indemnify Budget against a hypothetical judgment in the Underlying Lawsuit is simply not ripe or justiciable for this Court's consideration.   Movants respectfully move to dismiss the Complaint.

**B.    The Complaint Fails To Invoke This Court's Subject Matter Jurisdiction**

28.    For the same reasons, Movants would show that this Court lacks jurisdiction over the subject matter of Acceptance's Complaint, and therefore move to dismiss this action for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1); *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (where a court lacks the statutory power to adjudicate a case, it must dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1));  *Mid-Continent Cas. Co. v. Christians Dev. Co., Inc*., 2016 WL 6075573 (W.D. Tex. June 9, 2016) (holding that insurer's declaratory action on duty to indemnify policyholder was premature, and granting policyholder's motion to dismiss for lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1)).

**C.    The Complaint Fails to State a Claim Against Either Movant**

29.     In the alternative, Movants would show that the Complaint's failure to properly identify any specific "disagreements" or "uncertainties" between the parties upon which a declaratory judgment could properly be rendered [Dkt. #1, ¶ 17], the Complaint necessarily fails to state any claim against either Movant upon which relief could be properly granted against it. See Fed. R. Civ. P. 12(b)(6); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 & n.3. (2007).

30.     The Complaint fails to allege that either Movant has made an actual demand upon Acceptance to pay a settlement, or a judgment, on behalf of Acceptance with respect to the Underlying Lawsuit.  The Complaint contains only a vague request to enter declaratory judgments of no duty to defend, and no duty to indemnify – without identifying any specific "disagreements" or "uncertainties" as to either Movant.  [Dkt. #1, at ¶ 17]  For that independent reason, Movants move to dismiss the Complaint for failure to state a claim upon which relief could properly be granted.  Fed. R. Civ. P. 12(b)(6).

## <u>MOTION TO STAY OR TO ABSTAIN</u>

31.     Alternatively, and without waiving the foregoing, Movants urge the Court to exercise its sound discretion to refrain from considering Acceptance's request for declaratory relief, and to stay or to abstain from further proceedings in this action.  The Declaratory Judgment Act, 28 U.S.C. § 2201(a), specifically states that Federal courts "may" render declaratory relief. The Supreme Court of the United States has held that "consistent with the <u>non-obligatory nature of the remedy</u>, a district court is authorized <u>in the sound exercise of its discretion, to stay or to dismiss an action seeking a declaratory judgment</u>." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995) (emphasis added); see also *Sherwin–Williams Co. v. Holmes Cnty.*, 343 F.3d 383, 387 (5th Cir. 2003).

32.     Under the Declaratory Judgment Act, "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration . . . ." 28 U.S.C. § 2201(a). "Consistent with the nonobligatory nature of the remedy, a district court is authorized, in the sound exercise of its discretion, to stay or dismiss an action seeking a declaratory judgement." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995). To determine whether or not to stay or dismiss a declaratory judgement action, district courts to engage in a three-part analysis: the court must determine (1) whether the action is "justiciable" because an "actual controversy" exists; (2) whether the court has authority to grant declaratory relief; and (3) if the first two prongs are met, the court must exercise its broad discretion to determine whether it will decide or dismiss the case. *Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000). Indeed, this Court is experienced in applying this framework. See, e.g., *Kirby Inland Marine LP v. MedStar Funding LC*, No. H-12-03107, 2013 WL 2180017, at *3, *6 (S.D. Tex. May 17, 2013).

33.     Decisions to dismiss or abstain from adjudicating a declaratory judgment action are reviewed for abuse of discretion. *Wolfe*, 212 F.3d at 895.  As described below, this Court should exercise its broad authority and dismiss Plaintiff's declaratory action without prejudice – until issues in the underlying case are resolved in the underlying lawsuit in Harris County state court.

### A.     Argument And Authorities

34.     Pursuant to the language of the Declaratory Judgement Act, the United States Supreme Court's guidance under the Wilton/Brillhart doctrine, and corresponding Fifth Circuit Jurisprudence, this Court should decline to adjudicate Plaintiff's declaratory judgement suit and allow the state court to adjudicate the key issues.  Even if a district court is satisfied that an actual controversy exists and that it has authority to grant relief, it must then decide whether it will hear

or dismiss the action. *Wolfe*, 212 F.3d at 895; see also *Wilton*, 515 U.S. at 282 ("[D]istrict courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites."). To guide the court's decision on whether to abstain from adjudication, district courts in the Fifth Circuit utilize several non-exclusive "Trejo factors": (1) whether there is a pending state action in which all the matters in controversy may be litigated; (2) whether plaintiff filed suit in anticipation of a lawsuit filed by defendant; (3) whether plaintiff engaged in forum shopping in bringing the suit; (4) whether inequities may exist in allowing the declaratory judgment plaintiff to gain precedence in time or to change forums; (5) whether federal court is a convenient forum for the parties and witnesses; (6) whether retaining lawsuit would maintain judicial economy; and (7) whether a federal court would be called on to construct a state judicial decree involving the same parties and entered by the court before whom the parallel state suit is between the same parties is pending.  See *St. Paul Ins. Co. v. Trejo*, 39 F.3d 585, 590–91 (5th Cir. 1994).

35.     Abstention is proper when an insurer files a declaratory action preemptively seeking declarations of non-liability. See *Wilton*, 515 U.S. at 288; *Brillhart v. Excess Ins. Co.*, 316 U.S. 491 (1942); *AIX Specialty Ins. Co. v. Western States Asset Management, Inc.*, No. 3:12-CV-4342-M, 2013 WL 4603775, at *6 (N.D. Tex. Aug. 29, 2013).  Analogously, an application of the Trejo factors to the specific circumstances of the instant action, considering the fundamental policy concerns of federalism, fairness, and efficiency strongly weighs in favor of abstention and dismissal.  See *RLI Ins. Co. v. Wainoco Oil & Gas Co.*, 131 Fed. Appx. 970, 973 (5th Cir. 2005) (per curiam) (no abuse of discretion to abstain after balance of purposes of DJA and Trejo factors weighed in favor of abstention); *Ins. Co. of PA. v. Exxon Mobil Corp.*, No. H-14-0053, 2014 U.S. Dist. LEXIS 127131 (S.D. Tex. Sept. 11, 2014) (granting abstention when two Trejo factors

weighed in favor of dismissal in light of pending state court proceeding) (emphasis added); *Kirby Inland Marine*, 2013 WL 2180017, at *6 (granting dismissal when balance of factors weigh in favor of abstention).

WHEREFORE, Defendant BUDGET SUITES, INC. and Defendant BIGELOW ARIZONA TX-348, LIMITED PARTNERSHIP D/B/A BUDGET SUITES OF AMERICA respectfully move the Court to dismiss this action, or alternatively, to stay or abstain from hearing this action, and for such other and further relief to which they may show themselves entitled.

Respectfully submitted,


By_____*/s/ Paul K. Nesbitt*_____
      **PAUL K. NESBITT**
      Email: pnesbitt@ksklawyers.com
      Texas Bar No.: 014920600

      **ATTORNEY-IN-CHARGE FOR DEFENDANT BUDGET SUITES, INC. and DEFENDANT BIGELOW ARIZONA TX-348, LIMITED PARTNERSHIP D/B/A BUDGET SUITES OF AMERICA**

**OF COUNSEL:**
**SUTTER & KENDRICK, P.C.**
5858 Westheimer Rd., Suite 688
Houston, Texas  77057
Telephone: (713) 595-6000
Facsimile:  (713) 595-6001

## <u>CERTIFICATE OF SERVICE</u>

I certify that a true and correct copy of the foregoing document has been filed using the ECF filing system and served using ECF to the following counsel of record, on June 26, 2023:

Harrison H. Yoss
Thompson, Coe, Cousins & Irons, L.L.P.
700 N. Pearl St., 25th Floor
Dallas, Texas  75201-2832
hyoss@thompsoncoe.com

Teresa A. Carver
Thompson, Coe, Cousins & Irons, L.L.P.
One Riverway, Suite 1400
Houston, Texas  77056
tcarver@thompsoncoe.com

*Counsel for Plaintiff Acceptance Insurance Company*

Bryan O. Blevins, Jr.
Colin D. Moore
Provost Umphrey Law Firm, L.P.
350 Pine Street, Suite 1100
P. O. 4905
Beaumont, Texas  77704
bblevins@pulf.com
cmoore@pulf.com

*Counsel for Defendant Jane Doe*

*/s/ Paul K. Nesbitt*
Paul K. Nesbitt