United States District Court
Southern District of Texas
**ENTERED**
May 13, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ACCEPTANCE CASUALTY INSURANCE COMPANY, | § § § § § § § | CIVIL ACTION NO 4:23-cv-01737 |
| Plaintiff, | | |
| vs. | § § § | JUDGE CHARLES ESKRIDGE |
| BUDGET SUITES INC, *et al,* | § § § | |
| Defendants. | § | |

OPINION AND ORDER
GRANTING PARTIAL STAY OF ACTION

The motion by Defendants Budget Suites, Inc, and Bigelow Arizona TX-348 to stay proceedings is granted in part and denied in part. Dkt 32.

1. Background

An underlying action pends in the 11th District Court of Harris County, Texas, as No 2023-24989, *Jane Doe (VM) v Budget Suites of America, et al.* A young woman there alleges that she was trafficked for sex in February 2023 at a Budget Suites motel, and that motel management failed to provide adequate security to discourage the trafficking. Dkt 1 at 2–3.

Plaintiff here is Acceptance Casualty Insurance Company. It issued a commercial general liability policy to Defendant Your Best Management Group, LLC. Id at 1, 5. Defendant Bigelow Arizona TX-348 LP is a franchisee of Your Best Management, and both it and Defendant Budget Suites, Inc, are named as insureds under the policy. Id at 5.

The policy includes a "Texas Abuse or Molestation Exclusion." Id at 7.

Acceptance Casualty filed this action in May 2023, seeking a declaratory judgment that it has no duty to provide defense or indemnity in the underlying suit. Id at 8; see 28 USC §2201. Pending is a motion by Budget Suites and Bigelow Arizona to stay proceedings until the underlying lawsuit is resolved. Dkt 32 at 2.

    2. Legal standard

A stay is "an exercise of judicial discretion, and the 'party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion.'" *Patino v City of Pasadena*, 229 F Supp 3d 582, 585 (SD Tex 2017), quoting *Indiana State Police Pension Trust v Chrysler, LLC*, 556 US 960, 961 (2009) (internal citation omitted). Whether to grant a stay is a discretionary decision, but district courts tend to consider three factors specified by the Fifth Circuit in *Orix Credit Alliance, Inc v Wolfe*, pertaining to (i) the justiciability of the matter, (ii) the authority of the court, and (iii) the proper use of discretion. 212 F3d 891, 895 (5th Cir 2000). The proper exercise of discretion under the third factor itself encompasses seven non-exclusive factors:

- Whether an action pends in state court in which all of the matters in controversy may be fully litigated;
- Whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant;
- Whether the plaintiff engaged in forum shopping in bringing the suit;
- Whether possible inequities may result in allowing the declaratory plaintiff to gain precedence in time or to change forums exist;
- Whether the federal court is a convenient forum for the parties and witnesses;
- Whether retaining the lawsuit would serve the purposes of judicial economy; and

- Whether the action calls on the federal court to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit is pending.

*St Paul Insurance Co v Trejo*, 39 F3d 585, 590–91 (5th Cir 1994).

3. Analysis

Acceptance Casualty seeks a declaratory judgment as to its separate, potential duties to defend in the underlying state court lawsuit and to indemnify in relation to that case. Dkt 28 at ¶19. These are separate duties and will thus be addressed separately. See *Trinity Universal Insurance Co v Cowan*, 945 SW2d 819, 821–22 (Tex 1997).

a. Duty to defend

*As to the justiciability of the matter*, the Declaratory Judgment Act requires a "case of actual controversy." 28 USC §2201(a). "A complaint requesting a declaration of an insurer's duty to defend a pending liability lawsuit presents a justiciable controversy." *Northfield Insurance Co v Women & Children's Res Center, Inc,* 116 F3d 476 (5th Cir 1997); see also *AXA Re Property & Casualty Insurance Co v Day*, 162 F Appx 316, 318–19 (5th Cir 2006). The duty-to-defend question is thus justiciable.

*As to the authority of the court,* it's uncontested that diversity jurisdiction—and thus authority—exists here. Dkt 29 at 2.

*As to the proper use of discretion,* the balance of the *Trejo* factors weighs against a stay. *First,* there is a pending state action, but it won't fully litigate or resolve—if at all—the duty-to-defend question here. *Second,* this action was filed after the underlying lawsuit commenced. *Third,* Defendants don't argue that Acceptance Casualty has engaged in untoward forum shopping, and none is apparent. See Dkt 32 at 10–12. *Fourth,* possible inequities also aren't apparent. The underlying suit isn't a parallel lawsuit involving the same issues, and so Acceptance Casualty wouldn't "inequitably gain precedence in time or change a previously selected forum" for the declaration it

3

seeks. *AXA Re Prop & Cas Ins Co v. Day*, 162 Fed. Appx. 316, 321 (5th Cir. 2006). *Fifth, sixth, and seventh,* Defendants make no argument as to inconvenient forum, judicial economy, or existing state-court decree. See Dkt 32 at 12. All of these factors thus favor Acceptance Casualty or are neutral.

A stay as to the question of duty to defend will be denied.

### b. Duty to indemnify

Under Texas law, indemnity is generally determined after the facts determining liability have been developed. *Columbia Casualty Co v Georgia & Florida RailNet, Inc*, 542 F3d 106, 111 (5th Cir 2008) (construing Texas law). But this rule is subject to an exception when "the insurer has no duty to defend *and the same reasons that negate the duty to defend likewise negate any possibility the insurer will ever have a duty to indemnify*." Farmers Texas County Mutual Insurance Co v Griffin, 955 SW2d 81, 84 (Tex 1997) (*per curiam*, emphasis in original).

The Fifth Circuit thus holds in this regard that, until there has been a "liability determination at the trial-court level," declaratory judgment on the duty to indemnify is improper under Texas law. *Ironshore Specialty Insurance Co v Tractor Supply Co,* 624 Fed Appx 159, 164 (5th Cir 2015); see also *Federal Insurance Co v Northfield Insurance Co*, 2018 WL 3122092, *5 (SD Tex), quoting *Nationwide Property & Casualty Insurance Co v McFarland,* 887 SW2d 487, 491 (Tex App—Dallas 1994, writ denied): "It is generally accepted that a trial court 'is without authority to decide an insurer's duty to indemnify in the absence of a final judgment in the underlying tort action.'"

*As to the justiciability of the matter*, it seems apparent that a declaratory judgment as to duty to indemnify can't be stated until the state court resolves the potential liability of the defendants there. Given that duty to indemnify isn't justiciable pending resolution of the

underlying state court action, justiciability considerations weigh heavily in favor of a stay.

The other *Orix* factors needn't be considered. Action will be stayed insofar as Acceptance Casualty seeks a declaratory judgment as to its duty to indemnify.

### 4. Conclusion

The motion by Defendants Budget Suites, Inc, and Bigelow Arizona TX-348 to stay proceedings is GRANTED IN PART and DENIED IN PART. Dkt 32. It is GRANTED as to the duty to indemnify. It is DENIED as to the duty to defend.

It is anticipated that, under the eight-corners rule pertinent to this insurance dispute, either party is able at this juncture to seek dispositive relief on an undisputed record as to duty defend. *National Union Fire Insurance Co v Merchants Fast Motor Lines Inc*, 939 SW2d 139, 141 (Tex 1997, *per curiam*). Such motion may be brought when ready.

SO ORDERED.

Signed on May 13, 2024, at Houston, Texas.

Hon. Charles Eskridge
United States District Judge